19-877-cv
*Longe v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

ADEKUNLE LONGE,

> *Plaintiff-Appellant,*

> v.                                                              No. 19-877

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, JOHN CHELL,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:          JOHN A. SCOLA, JR., Law Office of John A. Scola, PLLC, New York, NY.

FOR DEFENDANTS-APPELLEES:          D. ALAN ROSINUS, JR. (Richard Dearing, Deborah A. Brenner, *on the brief*), *for* Georgia M. Petana, Acting Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J*.).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 21, 2019, is **AFFIRMED**.

Plaintiff-Appellant Adekunle Longe ("Longe") appeals from an order of the United States District Court for the Southern District of New York (Hellerstein, *J*.), granting summary judgment to Defendants-Appellees the City of New York, the New York City Police Department ("NYPD" or "Department"), and John Chell (collectively, "Defendants"), on Longe's employment discrimination and retaliation claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgment.

The following statement of facts is taken from the undisputed portions of the parties' filings. Longe, an African-American male, has been a police officer in the NYPD since 2004. In 2011, Longe passed an exam that qualified him for promotion from an officer to sergeant. Before he could be promoted, however, the NYPD required Longe to appear before its Career Advancement Review Board ("CARB") in light of Longe's prior disciplinary record in the Department.[1] The CARB is a three-member review committee that "interview[s] uniformed members of the service eligible for civil service promotion whose performance and record require further review." Joint App'x at 1759 (internal quotation marks omitted).

On February 19, 2013, the CARB panel voted unanimously not to promote Longe, and to undertake further review one year later. In declining to promote him, the panel

---

[1] In 2010, the NYPD charged Longe with two disciplinary infractions. First, on July 9, it charged Longe with responding insubordinately to his supervisor after learning that his supervisor had adjusted Longe's shift start time because of Longe's chronic lateness. Second, on October 29, 2010, it charged Longe with failing to voucher as evidence two bags of marijuana seized following an arrest and discarding the marijuana in the trash. Both charges were upheld. As a result, Longe was placed on what the Department called "Level II monitoring," which required quarterly reporting, and received "command disciplines." Joint App'x at 1759.

members cited Longe's disciplinary issues and his record of chronic absences due to illness. One CARB panelist commented in writing, "Longe does not appear to recognize the mistakes he made leading to [the need to appear] before the review board." Joint App'x at 1761 (internal quotation marks omitted).

Later in 2013, some months after Longe's first CARB appearance, he received another command discipline, this time for making deficient log entries in a stop-and-frisk report. On February 5, 2014, a second, newly-constituted CARB panel also unanimously declined to promote Longe. It provided for further review in six months. The second panel noted that Longe was still taking numerous sick days, causing him to miss work. It opined further that Longe had failed to take responsibility for the actions that led to the earlier discipline. In addition, Longe's commanding officer at the time, Captain John Chell ("Chell"), had declined to recommend Longe for promotion.

On August 11, 2014, a third CARB panel voted unanimously not to promote Longe, and provided for no future CARB review. This panel, too, cited Longe's unwillingness to take responsibility for his past disciplinary infractions, his continuing accrual of command disciplines, and persistent attitude problems. With this ruling, Longe became ineligible for promotion to sergeant from his place on the list generated by the promotional exam.

In February 2015, Longe wrote to the NYPD, alleging that he had been denied promotion because of discrimination based on his race and national origin. The following month, in March 2015, he submitted similar written allegations to the NYPD's Office of Equal Employment Opportunity (the "EEO").

In April 2015, Longe and his partner were randomly selected by the Department to be the subjects of "patrol monitoring" on a given day. This is a form of intradepartmental surveillance performed secretly by NYPD investigators to ensure that officers are performing their assignments satisfactorily. As a result of unsatisfactory conduct observed during the surveillance, Longe and his partner received command disciplines. In May 2015, Longe filed a discrimination complaint with the Equal Employment Opportunity

Commission ("EEOC"). In May 2016, Longe filed a separate complaint with the EEOC raising retaliation claims.

In July 2016, Longe filed this suit, alleging that Defendants racially discriminated against him in denying him a promotion and that they retaliated against him for complaining to the EEO and the EEOC, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–101 *et seq.* In 2019, the District Court granted summary judgment to Defendants on all of Longe's claims, concluding that most are time-barred and that, as to the remaining claim—the 2014 promotion denial—he failed to raise a genuine issue of material fact.

We review *de novo* a district court's grant of summary judgment, "examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 50 (2d Cir. 2018) (internal quotation marks omitted). On such review, we conclude—for substantially the same reasons as those set forth by the District Court in its thorough opinion—that Defendants were entitled to summary judgment as a matter of law and that the District Court did not err in so deciding Longe's arguments to the contrary are not persuasive.

## I.      Statute of Limitations

The District Court correctly determined that the majority of Longe's claims are time-barred. Title VII plaintiffs generally must file charges of discrimination with the EEOC within 300 days of the unlawful employment practice that is the basis for their claim. 42 U.S.C. § 2000e-5(e)(1).

### a. *Discrimination Claims*

Longe filed his first EEOC charge on May 1, 2015. Thus, any claims based on events occurring before July 5, 2014, are time-barred. Longe's EEOC claims based on his February

4

2013 and February 2014 CARB interviews in which the panels denied his promotion to sergeant were therefore untimely and were properly dismissed.

### b. Retaliation Claims

Longe's second EEOC charge, filed on March 25, 2016, raised separate claims related to the patrol monitoring that he was subjected to in April 2015. Any claims based on events occurring before May 30, 2015, are time-barred. Therefore, Longe's retaliation claim that the Department retaliated against him by subjecting him to patrol monitoring on April 26, 2015, is also time-barred.[2]

### c. Continuing Violations Doctrine

Longe argues that the conduct by the Department that he describes in his complaint represents a single, continuous act, and therefore overcomes any asserted time bar. But the continuing violation doctrine does not apply to Longe's claims: The Supreme Court has ruled that denial-of-promotion claims are discrete acts. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Under *Morgan*, that a claim based on a discrete act is filed does not excuse those claims that occurred outside the statutory time period from the time bar. Thus, the District Court correctly determined that all of Longe's discrimination claims (except for the failure-to-promote claim arising from his third CARB interview) and his retaliation claims are time-barred.

## II.     2014 Failure-to-Promote Claim

Longe's remaining claim is premised on the decision not to promote him made by the third CARB panel in 2014. The only persuasive evidence Longe offers to support his assertion that Defendants bore discriminatory animus against him is his account of a comment made by Chell. According to Longe, when he returned to the precinct following his second CARB interview and reported these results, Chell told him that if he was seeking to be promoted he should "volunteer[] to take out the garbage" more often. Joint App'x at

---

[2] The District Court also correctly determined that Longe failed to adduce evidence to establish a retaliation claim under the NYCHRL. Even under the NYCHRL's more lenient standard for establishing retaliation, there is insufficient evidence in the record to indicate that the patrol monitoring was in response to Longe's complaints of discrimination. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc*., 715 F.3d 102, 109 (2d Cir. 2013).

330. Longe, however, later testified that he understood Chell to be saying that he "should have done extra" and "go[ne] above and beyond." *Id.*

On review, we conclude that the District Court was correct in finding that Longe failed to adduce evidence suggesting that any racial animus that Chell bore toward him worked to influence the third CARB panel's decision. Rather, the record evidence shows that the CARB panel, not Chell, was responsible for the decision whether to promote Longe, and the panel—composed of senior NYPD officials—decided that Longe was not fit to hold a supervisory position. The record contains no evidence that the third CARB panel had any discriminatory intent or was tainted by Chell; rather, the disciplinary, attitudinal, and other bases for their denial are well documented. We thus agree with the District Court that no rational trier of fact could conclude that Longe's failure to be promoted was the result of racial animus.

### III. Section 1981 Claims

We also conclude that the District Court correctly dismissed Longe's Section 1981 claims against the City of New York and NYPD from this action. As the District Court explained, as it is only an agency of the City, the NYPD is not an entity that is subject to suit. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007). The District Court also correctly concluded that Section 1981 does not provide a right of action against the City, as it is a state governmental unit. *See Duplan v. City of New York*, 888 F.3d 612, 620-21 (2d Cir. 2018) (Section 1983, not Section 1981, provides a basis for civil rights action against the City). It therefore properly dismissed Longe's Section 1981 claim.

* * *

We have considered Longe's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6